UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ADOPTIVE FAMILY #1 AND THEIR DAUGHTER A, et al.,<br>Plaintiffs, | Case No. 1:18-cv-179<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| WARREN COUNTY, OHIO/WARREN COUNTY BOARD OF COMMISSIONERS,<br>Defendant. | **REPORT AND RECOMMENDATION** |

This matter is before the Court on defendant Warren County Board of Commissioners (Warren County)'s motion to dismiss for failure to join a necessary and indispensable party under Fed. R. Civ. P. 12(b)(7), or in the alternative, for joinder of the same (Doc. 47), plaintiffs Adoptive Families' memorandum in opposition (Doc. 53), and Warren County's reply memorandum (Doc. 54).

Plaintiffs are families who have adopted children with special needs after serving them as foster parents. They seek to represent a class of all current and potential adoptive parents, and their adopted children, who are eligible to receive subsidies under Title IV-E of the Adoption Assistance and Child Welfare Act, 42 U.S.C. § 670, et seq., and who fall under the jurisdiction of Warren County Children Services. Plaintiffs allege that Warren County denies eligible children adoption assistance to which they are entitled and obstructs families' access to such assistance in violation of the United State Constitution and Title IV-E. Plaintiffs seek declaratory and injunctive relief against Warren County for these alleged violations.

Warren County alleges that the State of Ohio is an indispensable party whose absence requires the dismissal of this action or, in the alternative, the joinder of this indispensable party. A three-part test applies to determine whether a party is indispensable under Federal Rule of

Civil Procedure 19: (1) whether the person is a necessary party under Rule 19(a); (2) if the person is a necessary party, whether joinder of that person will deprive the court of subject matter jurisdiction; and (3) if joinder is not feasible because it will deprive the court of its ability to hear the case, whether an analysis of the Rule 19(b) factors shows the court should "in equity and good conscience dismiss the case because the absentee is indispensable." *Laethem Equip. Co. v. Deere & Co.*, 485 F. App'x 39, 43-44 (6th Cir. 2012) (citing *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 666 (6th Cir. 2004)). "A party is necessary under Rule 19 if either (1) in the party's absence, the court cannot accord complete relief among existing parties, Fed. R. Civ. P. 19(a)(1)(A), or (2) [] the party claims an interest relating to the subject of the action and disposing of the action in the party's absence may (i) as a practical matter impair or impede the party's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring multiple or otherwise inconsistent obligations because of the interest, Fed. R. Civ. P. 19(a)(1)(B)." *Id.*

Warren County alleges that the State of Ohio is a necessary and indispensable party to plaintiffs' claims because the adoption subsidies sought by plaintiffs are primarily state funds; the decision-maker for those funds is the State of Ohio; and a substantial portion of any potential retroactive payments of the adoption subsidies sought by plaintiffs must be paid by the State with state funds. Warren County contends this action should be dismissed unless plaintiffs seek joinder of the State of Ohio as a party in this case. (Doc. 47).

Plaintiffs contend the State of Ohio is not an indispensable party because Warren County is responsible for administering adoption assistance payments to eligible children, and there is no state oversight or approval required before Warren County can make an adoption assistance payment or enter into an adoption assistance agreement. In addition, plaintiffs allege the State of

Ohio has expressly stated it is not claiming an interest in this action. (Doc. 53-1, Gerhardstein Aff.). Plaintiffs allege that in any event, even if the State of Ohio were a necessary party, the appropriate action would be court-ordered joinder and not dismissal of this action.

In reply, Warren County asserts that the State of Ohio is the ultimate authority for the administration of adoption assistance in Ohio under both federal and state law. The County states that while the day-to-day implementation of the adoption assistance program has been delegated to individual counties, the State remains in charge of the administration of such assistance in Ohio. Warren County alleges that plaintiffs are challenging the scope of expenses a county agency must consider in determining adoption subsidies. Warren County contends that if plaintiffs are successful, this will impact how adoption assistance payments are calculated throughout Ohio for all counties, and not solely Warren County. As this would necessarily have a financial impact on the State, Warren County contends the State of Ohio is a necessary party. In addition, Warren County asserts the State is a necessary party because if plaintiffs are successful, the State of Ohio would be responsible for a large portion of any increase in subsidies going forward and for a substantial portion of any backpay award.

Warren County has not established that the State of Ohio is a necessary party under Rule 19(a). First, Warren County has failed to show that the State claims an interest relating to the subject of this case under Fed. R. Civ. P. 19(a)(1)(B). Warren County argues that the State, which supervises all 88 counties in Ohio, should be a party because the scope of expenses plaintiffs seek to include in determining the amount of adoption assistance will impact how adoption subsidies are determined not only in Warren County but also in other counties across the State. However, Warren County has not presented any evidence from a representative of the State of Ohio or the Ohio Department of Job and Family Services (ODJFS) claiming an interest

relating to the subject matter of this action or expressing any concerns that the State's ability to protect such interest would be impaired in the absence of joinder. *See* Fed. R. Civ. P. 19(a)(1)(B).[1] Nor has Warren County shown that disposition of this case in the absence the State's joinder would expose the State to a substantial risk of multiple or inconsistent obligations. *Id.* In the absence of such evidence, the Court cannot find the State of Ohio to be a necessary party under Rule 19(a)(1)(B).

That leaves the question of whether plaintiffs can obtain complete relief against Warren County if the State of Ohio is not joined under Fed. R. Civ. P. 19(a)(1)(A). "Complete relief is determined as between persons already parties, 'and not as between a party and the absent person whose joinder is sought.'" *Laethem Equip.*, 485 F. App'x at 44 (quoting *School Dist. of Pontiac v. Secretary of U.S. Dept. of Educ.*, 584 F.3d 253, 265 (6th Cir. 2009) (citations omitted)). The relief plaintiffs seek includes:

- A declaration that Warren County is violating its obligations under Title IV-E and the United States Constitution; and

- Preliminary and permanent injunctive relief enjoining Warren County from continuing its practice of denying adoption assistance to eligible families and ordering Warren County to make such assistance available to plaintiffs. Specifically, plaintiffs seek an order requiring Warren County to:
    - inform families who may be eligible to receive Title IV-E adoption assistance of their rights under federal law;
    - train its employees on their legal obligations, on children's eligibility, and on the proper factors to take into account in negotiating adoption assistance payments;

---

[1] Counsel for plaintiffs submitted his own affidavit indicating that the State of Ohio is not interested in this litigation. Counsel's representations are based on an email to counsel from the Office of the Ohio Attorney General which states, in relevant part, "The Ohio Dept. of Job and Family Services is not an appropriate party for this adoption assistance payment lawsuit because the program in Ohio is administered by the counties, who are responsible for working with these eligible adoptive families to negotiate what the adoption assistance monthly payments will be." (Doc. 53-1 at 3). The Court cannot consider the email on which counsel relies to establish the truth of the matter asserted because the email is hearsay. Nonetheless, to the extent plaintiffs offer this evidence not for the truth of the matter asserted but to show that the State of Ohio is aware of this litigation, the undersigned notes that the State of Ohio has neither sought to intervene in this matter nor affirmatively claimed an interest in this litigation despite its knowledge of this case.

- negotiate in good faith with the families of eligible children based on the statutory framework of Title IV-E; and
- renegotiate the adoption assistance agreements of all current adoptive families, including those receiving between $0 and $250 in adoption assistance subsidies and those receiving more than $250 in adoption assistance subsidies.[2]

All of the forms of relief sought by plaintiffs can be implemented by Warren County without the need to join the State of Ohio as a party to this action. This case involves a dispute over the policies and practices of Warren County in negotiating adoption assistance payments with families. Plaintiffs do not take issue with the federal or state regulations governing adoption subsidies but with Warren County's application of those guidelines in its administration of the adoption assistance program. Granting the declaratory relief requested by plaintiffs – a declaration that Warren County is violating its obligations under Title IV-E and the United States Constitution – would not require the Court to find that the State of Ohio is violating any statutory or constitutional provision. In addition, if the Court were to grant the injunctive relief plaintiffs request, Warren County can implement such relief without the participation, review, or oversight of the State of Ohio. Warren County, through the Warren County Children Services (a "Public Children Services Agency" or "PCSA"), has the authority and the responsibility to administer the adoption assistance program for adoptive families in Warren County. Ohio Admin. Code § 5101:2-49-01(A) ("The public children services agency (PCSA) shall be responsible for the administration of the Title IV-E adoption assistance (AA) program."). This includes the responsibility for:

(1) Ensuring the proper administration of funds, allocated or reimbursed;

(2) Determining initial and continuing eligibility for AA program services;

(3) Maintaining a separate AA case record for each program-eligible child for whom a PCSA has entered into an AA agreement; and

---

[2] *See* Doc. 45, Plaintiffs' Amended Complaint, and Doc. 2-1 at 2-3, Plaintiffs' Motion for Preliminary Injunction.

> (4) Service planning and increasing the opportunities for adoption of children with special needs who are free for adoption.

Ohio Admin. Code § 5101:2-49-01(A). Warren County is also responsible for determining the monthly amount of adoption assistance payments through "negotiation and mutual agreement between the adoptive parent(s) and the public children services agency (PCSA)." Ohio Admin. Code § 5101:2-49-05(A). Warren County Children Services, as the PCSA, decides when to begin and when to terminate payments, *see* Ohio Admin. Code §§ 5101:2-49-08(A), 5101:2-49-13(A), and to correct overpayments or underpayments of adoption assistance payments. Ohio Admin. Code § 5101:2-49-08(F). Finally, Warren County Children Services is responsible for processing retroactive adoption assistance payments:

> In accordance with paragraph (A) of rule 5101:2-49-09 of the Administrative Code, if the public children services agency (PCSA) and the adoptive parent(s) mutually agree that the child is eligible for a retroactive adoption assistance (AA) payment after the adoption finalization, or as a result of a state hearing decision or administrative appeal decision determines the eligibility and directs the PCSA to negotiate a retroactive payment, *the agency and the adoptive parent(s) will engage in a negotiation process to determine the amount of retroactive AA payments.* The monthly amount of AA shall be determined in the same manner as AA benefits negotiated prior to the adoption finalization, until one calendar day prior to the effective date of the current AA agreement.

Ohio Admin. Code § 5101:2-49-09.1(A) (emphasis added). Thus, Warren County currently has the authority to fully implement the relief sought by plaintiffs without the involvement or oversight of the State.

Warren County argues the State of Ohio is a necessary party because it is the "ultimate" authority over county PCSAs as it can overrule a PCSA's adoption assistance decision and order the PCSA to modify its decisions in accordance with state program policy through the state hearing process. *See* Ohio Admin. Code 5101:2-49-05(H). While adoptive parents have the right to request a state hearing when the PCSA and adoptive parents cannot mutually agree on a

monthly adoption assistance subsidy, this does not affect the implementation of the relief sought by plaintiffs in this case or require the State's participation. As indicated above, Warren County already has the authority to renegotiate adoption assistance payments with adoptive families, which is the relief plaintiffs request. The provision of an additional procedural safeguard – a state hearing – which is offered by the State where an adoptive family disagrees with the amount of adoption assistance, does not in any way change plaintiffs' requested relief – that Warren County renegotiate adoption assistance payments in good faith in accordance with the requirements of federal law in the first instance.

Warren County further contends that the State should be joined as a party because any Order granting plaintiffs the relief they seek will have a significant financial impact on the State. The first $250 in adoption subsidies consists of both federal and state funds. Amounts of adoption subsidies in excess of $250 are paid with county funds. Warren County argues that if plaintiffs are successful in renegotiating adoption assistance payments and receive retroactive payments, the State would be responsible for a significant portion of increased subsidies and retroactive adoption assistance, which could involve substantial amounts of state money. Warren County alleges that "[u]nless the State is a party in this case . . . any such Order would not be enforceable against the State, and the County would presumably be left to pay for a backpay award for which it is not legally responsible to fund." (Doc. 54 at 6). This argument assumes the State will refuse or be unable to pay its share (consisting of both federal and state funds) of adoption assistance payments, which is speculative. In addition, the Court is unable to discern how the payment of subsidies to which adoptive parents are legally entitled under federal law requires the State's joinder when the State currently has no input on whether adoption assistance is awarded or the amount of such award, including the first $250 of the award.

Warren County has not shown that plaintiffs cannot be accorded complete relief in this case in the absence of the joinder of the State of Ohio.

**IT IS THEREFORE RECOMMENDED that** Warren County's motion to dismiss for failure to join a necessary and indispensable party under Fed. R. Civ. P. 12(b)(7), or in the alternative, for joinder of the same (Doc. 47) be **DENIED.**

Date: 12/6/18

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

ADOPTIVE FAMILY #1 AND THEIR
DAUGHTER A, et al.,
    Plaintiffs,

vs.

WARREN COUNTY, OHIO/WARREN
COUNTY BOARD OF
COMMISSIONERS,
    Warren County.

Case No. 1:18-cv-179
Dlott, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).