# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **Adoptive Family #1 and Their Daughter A., et al,** : | |
| : | CASE NO.: 1:18-cv-179 |
| : | |
| **Plaintiffs,** : | Judge: Susan J. Dlott |
| v. : | Magistrate Judge: Karen Litkovitz |
| : | |
| **Warren County, Ohio/Warren County** : | **JOINT MOTION TO APPROVE CLASS** |
| **Board of Commissioners** : | **ACTION SETTLEMENT** |
| : | |
| **Defendants.** : | |

Pursuant to Fed. R. Civ. Proc. 23(e), the plaintiffs and the defendant ("the parties"), hereby request that this Court preliminarily certify a settlement class, preliminarily approve the attached settlement agreement (Exhibit #1), and approve the attached class notice (Exhibit 2). The proposed settlement class is:

> All adoptive parents and their adopted children who, as of the date of the filing of this lawsuit and/or through the date of the fairness hearing, were eligible to receive subsidies under Title IV-E of the Adoption Assistance and Child Welfare Act and who fall under the jurisdiction of Defendant Warren County, Ohio and who receive or received less than $250.00 in monthly adoption assistance payments.

A prompt ruling on this request for preliminary approval will allow immediate notice to the class and a fairness hearing to be set which will expedite relief to the families and children in the class. The parties request that notice be sent by the Clerk no later than April 24, 2019 and that the objection deadline be set at May 24, 2019. A fairness hearing is requested on or about May 30, 2019 at 2:00 p.m. The grounds for this motion are set forth in the accompanying memorandum.

1

**MEMORANDUM**

A. **Introduction**

This class action challenges Warren County's adoption assistance agreements with the adoptive families of children determined to have "special needs" under the Title IV-E adoption assistance program. Plaintiffs allege that Warren County has failed to comply with federal law in the process used to determine adoption subsidies. Defendants deny the allegations and claim they have followed federal law and State regulations concerning the same.

There has been no final ruling on these claims, but the parties have agreed to class certification and a proposed settlement in order to minimize the cost of extensive litigation.

1. The parties engaged in extensive discovery related to the Plaintiffs' motion to certify a class, including some discovery going to the merits of Plaintiffs' claims. Defendant has produced the extensive WCCS files on Adoptive Families #1 – 7, which consist of thousands of pages of records. It has also produced the various policies, forms and materials related to adoption and Adoption Assistance. Plaintiffs took depositions of one WCCS adoption caseworker, the director of WCCS and the former director of WCCS. Defendant took 15 depositions. It deposed the five putative class representatives, the mother of Adoptive Family #1 and the mother and father of Adoptive Families #2 and #3. Defendant also deposed the three mothers and three fathers of declarant families #4, #5, #6, and #7. Defendant also deposed two experts, as well as the Title IV-E Unit Supervisor at the Ohio Department of Job and Family Services. The Court held an evidentiary hearing on Plaintiffs' motion to certify a class on January 22, 2019. The United States Magistrate Judge recommended class certification on February 28, 2019. See Doc. 106.

2. There has been no final ruling on the Plaintiffs' claims, but the parties have agreed to class certification and a proposed settlement in order to minimize the risks and cost of litigation. The parties have been negotiating throughout most of the time that the lawsuit has been pending. They have utilized the services of the United States Magistrate Judge and of a private mediator. The negotiations have been undertaken in good faith and at arm's length, allowing the parties to agree on the terms of this Agreement. The parties freely and voluntarily, with the advice of counsel, enter into this Agreement for that purpose.

### B. Proposed Settlement Class

The parties jointly seek certification of the following class for settlement:

> All adoptive parents and their adopted children who, as of the date of the filing of this lawsuit and/or through the date of the fairness hearing, were eligible to receive subsidies under Title IV-E of the Adoption Assistance and Child Welfare Act and who fall under the jurisdiction of Defendant Warren County, Ohio and who receive or received less than $250.00 in monthly adoption assistance payments.

The parties seek appointment of Adoptive Families #1, #2 and #3 as class representatives and Alphonse A. Gerhardstein, M. Caroline Hyatt and Barbara Thornell Ginn as class counsel. This class is narrower than the class recommended for certification by the Magistrate Judge in her report and recommendation, Doc. 106.

### C. Standard for Approval of Class Action Settlement

Pursuant to Fed. R. Civ. Proc. 23(e), court approval is required in order to settle a class action:

> A class action shall not be dismissed or compromised without the approval of the court and notice of the proposed dismissal or compromise shall be given to all members of the class in such a manner as the court directs.

The law generally favors and encourages the settlement of class actions. *Worthington v. CDW Corp.*, No. 1:03-cv-649, 2006 WL 8411650, *3 (S.D. Ohio 2006, citing *Franks v. Kroger Co.*,

3

649 F.2d 1216, 1224 (6th Cir.1981). The burden of proving the fairness of the settlement is on the proponents of the settlement. *Id*. citing *In re Art Materials Antitrust Litig*., 100 F.R.D. 367, 379 (N.D. Ohio 1983). A district court may approve a proposed settlement only after a hearing and only on a finding that the settlement is fair, reasonable, and adequate. *Id*. See Fed. R. Civ. P. 23(e)(1)(C).

In determining whether the proposed class action settlement is fair, reasonable, and adequate, the Court should consider the following factors:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*Mullins v. Southern Ohio Pizza, Inc.,* No. 1:17-cv-426, 2019 WL 275711, *2 (S.D. Ohio 2019), citing. *UAW v. Gen. Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007). In determining the fairness, adequacy, and reasonableness of the proposed settlement, this Court need not reach the ultimate conclusions of fact regarding the merits of the case or decide the underlining issues of law. *Williams v. Vukovich,* 720 F.2d 909, 921 (6th Cir. 1983). In addition, the Court should rely upon the judgment of experienced counsel and "should be hesitant to substitute its own judgment for that of counsel." *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977). Upon consideration of these factors in this case, this Court should conclude that this settlement is fair, reasonable, and adequate.

     **C.**     **The Class Action Settlement Should be Preliminarily Approved**

The parties have been in dialogue regarding the claims in this case for approximately one year. The parties have met in person with Magistrate Judge Bowman, spent two full days in mediation with attorney mediator Frank Ray and exchanged detailed proposals through them

regarding the substantive criteria for adoption subsidies and the scope of any relief to be achieved in this case.

1. <u>The risk of fraud or collusion</u>. All negotiations have been at arm's length and in good faith. They have been supervised by either the United States Magistrate Judge or an experienced private mediator. The County agency director, prosecutor and outside counsel have guided the County, and class counsel has guided the class representatives. The class representatives have been fully engaged in all aspects of settlement.

2. <u>Complexity, expense and likely duration of the litigation.</u> The proposed settlement provides clarification on criteria for all families seeking adoption subsides through WCCS. The settlement will divert the resources away from lawyers and facilitate redeterminations and renegotiations available to families. Any resources that can help families now are more valuable than after children are grown.

3. <u>Amount of discovery engaged in by the parties.</u> The parties have accomplished enough discovery to fairly evaluate the merits. It is an appropriate time to settle the matter.

4. <u>Likelihood of ultimate success vs. relief in settlement.</u> There is no guarantee of success for either party. There are multiple complicated legal issues involving subsidies paid in substantial part by State and federal funds, and multiple factual and legal issues that could lead to results for or against either of the parties. The defendant has preserved its appeal right on the motion for judgment on the pleadings and there has been no trial yet determining the ultimate issues. Either on motion or at trial it is possible the class could achieve nothing.

     The parties have agreed on procedures and criteria that will help guide WCCS and all families receiving subsidies on the criteria that will be considered to reach agreement

on adoption assistance. Further, that agreement on criteria will be implemented through a revised adoption subsidy worksheet and a revised annual letter reminding families of the right to renegotiate. Those documents are attached to the proposed settlement agreement.

The compromise in this settlement narrows the class definition from that authorized by the Magistrate in Doc. 106, focusing the relief on those parents receiving less than $250 per child per month. Moreover, it provides for class members to engage in redeterminations and renegotiations of current subsidy agreements. The parties agree that this balances the uncertainty of success against the relief offered in the settlement.

5. <u>Judgment of experienced trial counsel.</u> Counsel on both sides of this case have extensive experience in class action, civil rights, social reform, and public benefits litigation. They unanimously recommend this settlement to the Court and the class.

6. <u>Reaction of absent class members.</u> Class counsel will address any objections that are received before the fairness hearing.

7. <u>The Public Interest.</u> Especially now with the opioid crisis tearing at families and causing children to need adoption options, a settlement of this case is in the public interest. This settlement brings further clarity to some of the issue of adoption assistance.

The proposed schedule takes into account the need for a prompt remedy while providing adequate time for class members to review and object if necessary.

**D. Conclusion**

All of the factors this court must consider weigh toward preliminary approval of this proposed settlement agreement. The parties respectfully request that the court preliminarily approve the settlement, set the matter for hearing on the fairness of the settlement, and direct notice of settlement be issued to the members of the class (Exhibit 2). A draft order is attached

(Exhibit 3).

                                        Respectfully Submitted,

| | |
|---|---|
| Barbara Thornell Ginn (0083197) | s/ Alphonse A. Gerhardstein |
| Ginn Law Office, LLC | Alphonse A. Gerhardstein (0032053) |
| Attorney for Plaintiff | Attorney for Plaintiff |
| 8595 Beechmont Avenue, | Jennifer L. Branch (0038893) |
| Suite 103 | M. Caroline Hyatt (0093323) |
| Cincinnati, Ohio 45255 | Attorney for Plaintiff |
| Tel (513) 277-1478 | Gerhardstein & Branch Co. LPA |
| Fax (513) 426-7335 | 441 Vine St., Suite 3400 |
| Barbara@GinnLLC.com | Cincinnati, Ohio 45202 |
| | Tel (513) 621-9100 |
| | Fax (513) 345-5543 |
| | agerhardstein@gbfirm.com |
| | jbranch@gbfirm.com |
| | chyatt@gbfirm.com |

                                        s/ J. Stephen Teetor
                                        J. Stephen Teetor, Lead Counsel (0023355)
                                        Aaron M. Glasgow (0075466)
                                        Isaac Wiles Burkholder & Teetor, LLP
                                        Two Miranova Place, Suite 700
                                        Columbus, Ohio 43215
                                        (614) 221-2121
                                        F: (614) 365-9516
                                        jteetor@isaacwiles.com
                                        aglasgow@isaacwiles.com
                                        *Attorneys for Defendant,*
                                        *Warren County Board of County Commissioners*

                                        Kathryn M. Horvath (0088105)
                                        Assistant Prosecuting Attorney
                                        Warren County Prosecutor's Office
                                        520 Justice Drive
                                        Lebanon, Ohio 45036
                                        (513) 695-1325
                                        F: (513) 695-2962
                                        kathryn.horvath@warrencountyprosecutor.com
                                        *Counsel for Defendant,*
                                        *Warren County Board of County Commissioners*