## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **Adoptive Family #1 and Their Daughter A., et al,** | CASE NO.: 1:18-cv-179 |
| **Plaintiffs,** | Judge: Susan J. Dlott |
| v. | Magistrate Judge: Karen Litkovitz |
| **Warren County, Ohio/Warren County Board of Commissioners** | **STIPULATED CLASS-WIDE PROTECTIVE ORDER** |
| **Defendants.** | |

This stipulated protected order covers all information and documents contained in any individual adoption or child welfare records with individual identifiers of family members and children produced in discovery and/or produced pursuant to the implementation of the settlement of the above case and the application to approve the settlement of the above case. Protected information subject to this Order includes, but is not limited to:

1) All contact information for any foster or adoptive parent contained within any record transmitted pursuant to this Settlement Agreement;

2) Any and all identifying information which would identify child[ren] in the custody of Warren County Children Services (WCCS), referral sources, foster parents or child placements, or recipients of public assistance, including but not limited to names, dates of birth, addresses, social security numbers, financial information, and other identifying characteristics;

3) Any and all identifying information or records relating to a third party child or alleged victim of child abuse;

4) Any and all identifying information or records relating to the birth family of any child who is a subject of this litigation;

5) Any and all protected child welfare information, including intake information identifying the source of a referral;

6) Any and all protected health information and/or medical records for any person whose medical history may be detailed or contained within these records;

7) Any and all protected educational information for any persons whose educational records may be detailed or contained within these records; and

8) Any and all documents maintained as part of the State Automated Child Welfare Information System (SACWIS).

This Order further protects all deposition testimony to the extent that testimony has identifiers and information that could lead to the identification of family members and children. The documents and information subject to this order may be used for the application to approve the settlement and for implementation of the settlement between and among the parties but shall otherwise be kept confidential. This Order does not include aggregated county-wide data or documents so long as the aggregate data has no individual identifiers.

The parties hereby stipulate to the following procedures for protecting the confidentiality of WCCS records subject to this Order:

1) That one copy of all contact information for putative class members shall be electronically transmitted to class counsel only for use in preparing the class notice;

2) That one electronic copy of the WCCS adoption file records pertaining to any child for whom class counsel has acquired written authorization from the child's parent will be electronically transmitted to class counsel only;

3) That WCCS reserves the right to redact certain information identifying biological family members of the child prior to transmission;

4) That class counsel shall be responsible for safeguarding the confidentiality of the electronic record by ensuring that only persons authorized by this Order have electronic access to the records pursuant to this Order;

5) That said records provided to class counsel shall not be used for any purpose other than for implementation of the settlement between and among the parties;

6) That said records shall not be publicly exhibited, shown, displayed, used for educational research or demonstrative purposes or used in any other fashion, except in administrative or judicial proceedings in the above-referenced action;

6) That the records that are subject to this Order shall be held strictly confidential by counsel for each party and may only be disclosed to counsel for each party, the parties, witnesses who need to utilize the material, and expert witnesses, if any, retained by counsel for each party. However, no personnel shall be granted access to said records, or copies thereof, or the substance of any portion thereof, unless that person has first signed an agreement in writing that he or she has received a copy of this stipulated Order, that he or she submits to the Court's jurisdiction with respect to it, and that he or she will be subject to the Court's contempt powers for any violation of it;

6) That in the event that any document subject to this protective order is transmitted, produced, copied, or in any way provided to any person pursuant to this Order, or used in a proceeding to seek approval of or implement the settlement in this case, it shall be marked prominently by the party producing it with the word "CONFIDENTIAL."

7) That class counsel shall be personally responsible for maintaining custody and control of the records at all times, and that upon final disposition of this case, class counsel shall be

Draft prot order 041419

responsible for ensuring that any and all electronic or paper production or copies of the records are destroyed.

8) That any document subject to this order used in further court proceedings shall be so submitted "under seal" with prior permission of the Court, upon motion and for good cause shown.

IT IS SO ORDERED.

_____
Magistrate Judge Karen Litkovitz


Agreed to by:

/s/ Alphonse A. Gerhardstein
Alphonse Gerhardstein (0032053)
Attorney for Plaintiffs


/s/ J. Stephen Teetor
J. Stephen Teetor (0023355)
Attorney for Defendants